IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK24-40437 |
| | ) | |
| SETH EDWARD BERGMAN and | ) | Chapter 13 |
| COURTNEY RENEE BERGMAN | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

### Order on Objection to Exemptions

This matter is before the court on July 17, 2024, on the objection to exemptions filed by the Chapter 13 trustee Erin McCartney. Dana R. Ulrich appeared for the trustee. Paul Rea appeared for the debtors Seth and Courtney Bergman.

The trustee objected to the debtors claiming the amount of their exemptions by using the check box on Schedule C that states, "100% of fair market value, up to any applicable statutory limit". Because the form is an official form, and because the U.S. Supreme Court sanctioned use of a similar phrase, this part of the objection is denied. The trustee also objected to the amounts of the debtors' exemptions and requested an evidentiary hearing. The request for hearing is granted. The court will set a further evidentiary hearing with live witness testimony. The debtors must appear at the hearing and will be subject to cross-examination by the trustee.

### Findings of Fact

The debtors filed their Chapter 13 petition on May 13, 2024. They claimed exemptions using Schedule C, Official Form 106C. The form requires a debtor provide four items of information – a debtor must briefly describe the property, state the "current value of the portion you own", state the "amount of the exemption you claim", and the "specific laws that allow exemption." Under "amount of the exemption you claim", the form provides two check boxes from which a debtor can select. The first box is followed by a blank line for a debtor to enter a dollar amount. The second box is followed by the words "100% of fair market value, up to any applicable statutory limit" (the "100% FMV Box").

The debtors checked the 100% FMV Box for several assets including:

| Property | Value | Exemption |
|---|---|---|
| Home | $205,000 | Neb. Rev. Stat. §§ 40-101 to 40-118 |
| 2017 Ford | $9,000 | Neb. Rev. Stat. § 25-1556(1)(e) |
| Clothes | $400 | Neb. Rev. Stat. § 25-1556(1)(b) |
| Jewelry | $1,100 | Neb. Rev. Stat. § 25-1552(1) |
| 401K | $25,000 | 11 U.S.C. § 522(b)(3)(C)[1] |

The debtors used the first check box and entered a dollar value for aggregate exemptions spread across more than one asset.

The trustee objected stating several grounds. She asserts a debtor can only use the 100% FMV Box to exempt assets when the exemption is in kind, that is when it does not have a statutory dollar limit. She asserts the debtors may be using the 100% FMV Box to improperly remove assets from the estate. Finally, she argues she cannot determine the amounts the debtors claim as exempt and cannot determine whether the value of each asset exceeds applicable statutory limits, both of which require an evidentiary hearing.

## Conclusions of Law

### Official Form 106C

The debtors' Schedule C is Official Form 106C. The form was adopted on December 1, 2015, by the Advisory Committee on Bankruptcy Rules. It was adopted, "in light of the Supreme Court's ruling in *Schwab v. Reilly*, 560 U.S. 770 (2010)". *See* Committee Notes, Official Form 106C, www.uscourts.gov/file/18725/download.

### Schwab v. Reilly

*Schwab* involved a valuation dispute. In *Schwab*, the debtor, Reilly, filed a Chapter 7 case, scheduling business equipment as an asset. Reilly claimed federal exemptions and used them to exempt the business equipment. At the time, Schedule C had four columns, "description of property", "specify law providing each exemption", "value of claimed exemption", and "current value of property without deducting exemption". For the specific law providing her exemption of the business equipment, Reilly listed 11 U.S.C. § 522(d)(6), the tool of the trade exemption, and 11 U.S.C. § 522(d)(5), the wildcard exemption. She listed the current value of the

---

[1] The debtor also scheduled a cat of "unknown" value and exempted it under Nebraska's personal property exemption.

business equipment as $10,718. Her exemptions equaled the value of the equipment. For the value of the claimed exemptions, Reilly listed $1,850 for the tool of the trade exemption and $8,868 from her wildcard exemption, for a total of $10,718.

Schwab, the Chapter 7 trustee, possessed information indicating the equipment was worth up to $17,200. He did not timely object to the debtor's exemptions. Nevertheless, he sought permission to sell the equipment for the debtor's estate. The case reached the U.S. Supreme Court, which framed the issue:

> The issue is whether an interested party must object to a claimed exemption where, as here, the Code defines the property the debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset, and the debtor's schedule of exempt property accurately describes the asset and declares the "value of [the] claimed exemption" in that asset to be an amount within the limits that the Code prescribes.

*Schwab v. Reilly*, 560 U.S. 770, 774 (2010). Reilly contended, because the trustee did not object to her exemptions, her valuation of the business equipment was conclusive regardless of its actual value. The asset was effectively removed from the estate, and the estate could not recover anything from a sale. The lower courts adopted Reilly's position.

The Supreme Court reversed. It held a trustee was not required to object to a debtor's exemptions to recover value over the exempt amount.

> We hold that, in cases such as this, an interested party need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor expressly declared exempt.

*Id.*[2]

The majority of the Court focused on the wording of the applicable exemption statutes. The statutes allowed a debtor to exempt, "The debtor's aggregate interest, not to exceed [a specified dollar amount] in value in [a type of asset]". 11 U.S.C.

---

[2] The dissent in *Schwab* "would hold that a debtor's valuation of exempt property counts and becomes conclusive absent a timely objection." *Schwab*, 560 U.S. at 796 (Ginsburg, J., dissenting). "Because neither Schwab nor any creditor lodged a timely objection, the listed property became exempt, reclaimed as property of the debtor, and therefore outside the bankruptcy estate the trustee is charged to administer." *Id.* at 800.

§ 522(d)(5) and (6). Reilly's position was contrary to law because it turned an exemption in an *interest* in property *up to a certain value*, into an exemption of the *property* itself – an exemption in full or in kind. *Schwab*, 560 U.S. at 784 n.10 (holding to effectively allow an in-kind exemption "no matter what its dollar value, would unnecessarily treat the exemption as violating the limits imposed by the Code provisions that govern it"); *id*. at 793 n.19 (referring to "Reilly's attempt to convert into a dollar value an improper claim to exempt the equipment itself, 'whatever [its value] turns out to be'"). The Court reasoned the debtor's position conflicted with other sections of the Code, those sections specifically allowing a debtor to exempt certain property in full or in kind. *See, e.g.,* §§ 522(d)(7), (9), and (10).

The majority also agreed with the trustee there was no reason to object because Reilly's Schedule C contained no "red flags". "The amounts Reilly listed in the Schedule C column titled 'Value of Claimed Exemption' are facially within the limits the Code prescribes and raise no warning flags that warranted an objection." *Schwab*, 560 U.S. at 789. The majority suggested a possible red flag if a debtor desired to exempt "the full market value of the asset or the asset itself":

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as "full fair market value (FMV)" or "100% of FMV." *Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits.* If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset. If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption.

*Id*. at 792–93 (emphasis added); *see also id*. at 789 n.16 ("Schedule C entries listing the value of a claimed exemption as 'unknown,' 'to be determined,' or '100%' are 'red flags to trustees and creditors,' and therefore put them on notice that if they do not object, the whole value of the asset—whatever it might later turn out to be—will be exempt". *Barroso-Herrans v. Lugo-Mender (In re Barroso-Herrans)*, 524 F.3d 341, 345 (1st Cir. 2008) (quoting 1 *Collier on Bankruptcy* ¶ 8.06[1][c][ii] (rev. 15th ed. 2007)).

*2015 Revision of Schedule C*

After *Schwab*, if a debtor states the value of an exemption as "100% of FMV", it is a red flag, and the trustee is on notice to object. If the trustee does not object, and presumably assuming a debtor's good faith, the entire value of the property is exempt regardless of its actual value.

*Schwab* resulted in a revision to Schedule C in 2015. The revision changed the four columns – "Current Value of Property Without Deducting Exemptions" became "Current Value of Portion You Own", and "Value of Claimed Exemption" became "Amount of the Exemption You Claim". The revision added two check boxes under Amount of the Exemption You Claim. The first check box was followed by a blank line. The second check box includes the words, "100% of fair market value up to any applicable statutory limit". This second box has been called the "*Schwab* Option". *See, e.g., In re Farmer*, No. 16-42135, 2017 WL 3207679, at *2-3 (Bankr. E.D. Tex. July 27, 2017) (stating debtors who select the 100% FMV Box are "exercising the '*Schwab* option' and indicating the "intent to withdraw the entirety of the asset from the estate").

But revised Schedule C does not contain a *Schwab* option. The Court in *Schwab* suggested a debtor use the words, "full fair market value" or "100% of FMV" as a red flag. The Committee did not strictly follow *Schwab* when it added the 100% of FMV Box to Schedule C. The Committee added the phrase "*up to any applicable statutory limit*". This phase changes the red danger flag to perhaps a yellow caution flag. The instructions to the form make this clear:

> Entries in the "amount of the exemption you claim" column may now be listed as either a dollar limited amount or as 100% of fair market value, up to any applicable statutory limit. For example, a debtor might claim 100% of fair market value for a home covered by an exemption capped at $15,000, *and that limit would be applicable*. This choice would impose no dollar limit where the exemption is unlimited in dollar amount, such as some exemptions for health aids, certain governmental benefits, and tax-exempt retirement funds.

*See* Committee Notes, Official Form 106C, https://www.uscourts.gov/file/18725/download (emphasis added).

Under *Schwab's* "red flag", a trustee must object to an exemption amount of "100% of FMV" to "preserve for the estate any value in the asset *beyond* relevant statutory limits." *Schwab*, 560 U.S. at 792–93 (emphasis added). But the 100% of FMV Box on revised Schedule C allows a debtor to preserve for the estate only any value in the

asset *up to* the applicable statutory limit. If the value of the property exceeds applicable statutory limits, the estate retains the value.

*Use of the 100% FMV Box*

The trustee asserts the 100% FMV Box is not appropriate for assets where the exemption statute has a value limit. This argument is not persuasive. The trustee points to the form's instructions, which state:

> For each item of property you claim as exempt, you must specify the amount of the exemption you claim. *Usually*, a specific dollar amount is claimed as exempt, but in some circumstances, the amount of the exemption claimed might be indicated as 100% of fair market value. *For example*, a debtor might claim 100% of fair market value for an exemption that is unlimited in dollar amount, such as some exemptions for health aids.

*See* Instructions, Bankruptcy Forms for Individuals, www.uscourts.gov/file/22710/download at 18 (emphasis added).

The instruction does not limit the 100% FMV Box to in-kind or in-full exemptions as the trustee contends. Instead, it appears to allow a true *Schwab* red flag on the first check box line in lieu of inserting a dollar amount. It cannot refer to the 100% FMV Box. The 100% FMV Box is not just "100% of FMV". It is "100% of FMV up to the applicable statutory limit". If the box was intended only for exemptions without a statutory limit, the "up to the applicable statutory limit" phrase is nonsensical or unnecessary surplusage. Also, the Court in *Schwab* suggested a debtor could use a similar phrase. Instructions on the form cannot override the Supreme Court.

The trustee asserts the 100% FMV Box prevents her from determining the amounts the debtors claim as exempt. Her argument fails as it pertains to most aspects of the debtors' Schedule C. The amount of the exemptions the debtors claim can generally be determined from the amounts stated on Schedule C and the amounts stated in each exemption statute. *See Schwab*, 560 U.S. at 784 n.10 (noting to determine an exemption, "[t]he trustee could simply consult the Code provisions the debtor listed as governing the exemption in question").

On their Schedule C, the debtors state a value for every asset.[3] Three of the claimed exemptions have statutory limits. The homestead exemption is limited to $60,000. *See* Neb. Rev. Stat. § 40-101. Not including five-year inflation adjustments, the vehicle exemption and personal property exemption the debtors used for jewelry are

---

[3] Except, of course, for the cat.

limited to $10,000 for a married couple. *See* Neb. Rev. Stat. §§ 25-1552(1); 25-1556(1)(e). So, the debtors claim $56,000 for their homestead exemption. This is the amount they state as fair market value ($205,000 total value, minus the stated lien of $149,000). If their valuation is wrong, they state their intent to exempt up to $60,000, the applicable statutory limit. They can exempt no more. The same is true for the car and the jewelry.[4] For any exemption without a statutory limit, the amounts claimed are irrelevant.

The trustee next asserts use of the 100% FMV Box for exemptions with a dollar limit makes the amount of exemption claimed ambiguous. The trustee posits a hypothetical: a debtor has three assets, each valued at $5,000. For each asset the debtor claimed a personal property exemption under Neb. Rev. Stat. § 25-1552. The debtor selects the 100% FMV Box each time. Because Nebraska's personal property exemption is less than $15,000, it is not clear how to divide the exemption. The trustee's hypothetical does depict an ambiguity. In such a case, a debtor would have to clarify. If amended schedules were not filed, the trustee should object.

But this case is not the hypothetical. There is no ambiguity. The debtors claimed only one exemption for each asset. When the debtors spread an exemption across two assets, as in the trustee's hypothetical, they did not check the 100% FMV Box. They listed a dollar amount.

Finally, to the extent the debtors checked the 100% FMV Box as an attempt to remove property from the estate as an end run of *Goetz v. Weber (In re Goetz)*, 95 F.4th 584 (8th Cir. 2024), the debtors fail.[5] In *Goetz*, the Eighth Circuit held a "post-petition, pre-conversion increase in equity in a debtor's residence became property of her converted bankruptcy estate". *Id*. Selecting the 100% FMV Box does not change the applicable dollar limit on the claimed exemptions. It does not get around the holding in *Goetz*. As stated above, the 100% FMV Box is not the red flag suggested in *Schwab*. It does not create an in-kind exemption. For exemptions with a statutory limit, the box is a yellow flag, allowing a debtor to exempt his or her interest in an amount *up to* each applicable statutory limit. Also, the Supreme Court in *Schwab* stated "it is far from obvious" the Code allowed a debtor to "clear title" in an asset by claiming a 100% interest in it. *Schwab*, 560 U.S. at 794, n.21.

---

[4] Likewise, if the value of an asset was less than the applicable statutory exemption, the amount claimed as exempt would be the stated fair market value.

[5] It is not clear the debtors so intended. During the hearing, the court understood the debtor's counsel to concede the value of any asset over the applicable statutory limit was not removed from the estate.

The debtors' home is their most significant asset and the most likely to appreciate. To be certain, Nebraska's homestead exemption is not an in-kind exemption. As the Eighth Circuit in *Goetz* noted:

> Missouri's homestead exemption allows "[t]he homestead of every person, . . . not exceeding the value of fifteen thousand dollars, . . . [to] be exempt." Mo. Rev. Stat. § 513.475.1. This allows the exemption of the homestead up to a certain dollar amount, not the *in-kind* exemption of the entire residence.

*In re Goetz*, 95 F.4th at 590. Nebraska's homestead exemption is similar. At the time the debtor filed, it allowed "[a] homestead not exceeding sixty thousand dollars." Neb. Rev. Stat. § 40-101. The debtors cannot contravene *Goetz*, Nebraska statute, and dicta in *Schwab*, simply by checking the 100% FMV Box.

## Conclusion

A debtor is not prohibited from using the 100% FMV Box. But the box should be used sparingly. If a debtor selects the 100% FMV Box, the debtor must ensure the trustee can determine the amount of the exemption claimed from Schedule C and the applicable statute. If a debtor creates an ambiguity in claiming an aggregate exemption more than one time, an objection to exemptions will be sustained.

The 100% FMV Box may have little to no value to a debtor. If a debtor uses the 100% FMV Box and the trustee objects, *Schwab* makes value an issue. The court will set the trustee's objection for hearing with live witness testimony. The evidence at the hearing will establish the dollar amounts for the debtor's Schedule C's "current value of the portion you own", and "amount of the exemption you claim". At the hearing each party may present evidence of value. The debtor will be ordered to appear and will be subject to cross-examination by the trustee.

IT IS ORDERED: The trustee's objection to claim of exemption (Doc. #18) is denied as to the debtor's ability to use the "100% of fair market value, up to any applicable statutory limit" check box on Schedule C. The trustee's request for hearing is granted, and an evidentiary hearing with live witness testimony will be scheduled on the issue of valuation.

Dated: July 18, 2024

BY THE COURT

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge